E-FILED
Tuesday, 21 January, 2014  03:16:03 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 12-CR-20068** |
| | ) | |
| **EDDI RAMIREZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

Defendant, Eddi Ramirez, was indicted on one count of conspiracy to distribute narcotics in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2, and one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  Defendant was charged as a member of a conspiracy along with ten other co-defendants.  On December 11, 2013, Defendant filed a Motion to Dismiss Due to Violation of the Speedy Trial Act (#142).  The government filed its Response (#152) on January 2, 2014.  On January 8, 2014, a hearing was held before this court at which the court ordered the production of transcripts to provide a record for the court to make an informed ruling on Defendant's motion.  Following a careful review of the record in this case and the applicable case law, Defendant's Motion to Dismiss Due to Violation of the Speedy Trial Act (#142) is DENIED.

## BACKGROUND

Defendant was indicted, along with ten other co-defendants, in a four-count Indictment (#47) filed October 4, 2012, concerning a conspiracy to possess and distribute cocaine and heroin.  Defendant Ramirez was specifically charged in counts one and two of the Indictment, which alleged as follows:

Count 1 (Conspiracy):

"Beginning in approximately 2011 or before and continuing to approximately August 30, 2012, in the Central District of Illinois, and elsewhere, the defendants,

**FELIPE QUINONES, JR., JUAN VORRATH, EDDI RAMIREZ, ERICA KULAK, TERAVENA KAPRAUN, JOURDAN HULLINGER, JOSE AGUILAR-MENDEZ, JUAN ALVARADO, and GENARO GAMBOA,**

knowingly conspired with each other and others to possess with the intent to distribute and to distribute a controlled substance, namely, 5 or more kilograms of a mixture and substance containing cocaine, a Schedule II Controlled Substance, and 1 kilogram or more of a mixture and substance containing heroin, a Schedule I Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), and which conspiracy was knowingly aided and abetted by the defendants, LEONARDO ALDAPE-HERNANDEZ and GABRIEL LOPEZ-SAUCEDO, in violation of 18 U.S.C. § 2.

As part of the conspiracy, and to aid and abet the conspiracy, Defendant QUINONES, assisted by Defendant VORRATH, repeatedly provided and attempted to provide RAMIREZ with multiple kilograms of cocaine and heroin from Texas for distribution in the Central Illinois area.  As a further part of the conspiracy, and to aid and abet the conspiracy, on or about June 10, 2012, Defendants QUINONES and VORRATH attempted to transport approximately seven kilograms of cocaine and three kilograms of heroin from Texas to Defendant RAMIREZ for redistribution in the Central Illinois area.

As a further part of the conspiracy, and to aid and abet the conspiracy, Defendant ALDAPE-HERNANDEZ provided Defendants RAMIREZ and KULAK with kilogram amounts of cocaine for distribution in the Central Illinois area.  As a further part of the conspiracy, and to

2

aid and abet the conspiracy, from about July 2012 to August 2012, Defendant ALDAPE-HERNANDEZ provided Defendants RAMIREZ and KULAK with as much as 12 kilograms or more of cocaine from Calumet City, Illinois for redistribution in the Central Illinois area.

As a further part of the conspiracy, and to aid and abet the conspiracy, Defendant LOPEZ-SAUCEDO provided Defendants RAMIREZ and KULAK with as much as six kilograms of cocaine from Elgin, Illinois for distribution in the Central Illinois area. In addition, on or about August 22, 2012 Defendant LOPEZ-SAUCEDO obtained approximately one kilogram of cocaine from Defendants RAMIREZ and KULAK in Elgin for redistribution in the Chicago, Illinois area, which had originally been obtained by Defendants RAMIREZ and KULAK from Defendant ALDAPE-HERNANDEZ.

As a further part of the conspiracy, Defendants RAMIREZ, KULAK, KAPRAUN, HULLINGER, AGUILAR-MENDEZ, ALVARADO, and GAMBOA operated a stash house in Decatur, from which to distribute cocaine and heroin, provided by Defendants QUINONES, VORRATH, ALDAPE-HERNANDEZ, and LOPEZ-SAUCEDO, in Decatur, Springfield, and elsewhere in the Central Illinois area."

Defendant Ramirez (hereinafter simply "Defendant") was also charged in Count 2 with knowingly distributing a mixture or substance containing cocaine.

Defendant, with his attorney Diana Lenik, appeared in court on November 27, 2012, for a status hearing. At the hearing Defendant indicated he spoke English and the court noted that no interpreter had been present in the past. The court noted that Defendant was brought before Magistrate Judge David G. Bernthal on October 15, 2012, and demanded a trial by jury for December 10, 2012. At the hearing the court asked Attorney Lenik if she agreed that "this is a complex case." Lenik agreed. Attorney Lenik also acknowledged that she was not seeking a

speedy trial in the case.  The court granted Defendant's motion to continue and the December 10, 2012 trial date was vacated.  The court further stated: "The court makes a finding, based on the record: It's clear this is a complex case.  There is no demand for a speedy trial."  The court also made an ends of justice finding pursuant to 18 U.S.C. § 3161(h)(7)(A) that the ends of justice were served by taking action that outweighed the best interests of the public and the defendant in a speedy trial.

Another status conference was held on January 24, 2013.  Attorney Lenik confirmed for the court that Defendant did not need an interpreter.  Other co-defendants were present for this status as well: Vorrath, Aldape-Hernandez, Quinones, Kulak, and Kapraun.  Defendants Lopez-Saucedo and Hullinger would be seen at a status later that day.  The court noted it was now only an eight-defendant case, since three other defendants, Aguilar-Mendez, Alvarado, and Gamboa remained fugitives.  None of the attorneys present demanded a jury trial and all the defendants agreed to a further status on April 5, 2013.  The court made an ends of justice finding excluding the time from January 24 to April 5, 2013.

The next status was held April 5, 2013, with Defendant and co-defendants Quinones, Vorrath, Aldape-Hernandez, and Kapraun present with their attorneys.  Defendant again confirmed that he did not need an interpreter.  The court noted that in the interim, Defendant Kulak had pled guilty to the charges against her and was no longer a defendant in the case.  The other co-defendants indicated they either wanted continuances or to be set for a change of plea hearing.  Defendant, however, indicated he wanted a trial sooner rather than later, or, in the words of attorney Lenik, "now."  The court asked the government if they wanted the defendants severed and tried in separate trials.  The government responded in the negative.  The parties and the court then discussed the possibility of Defendant filing a motion to sever, so that he could be

4

tried separate from his co-defendants who did not wish an immediate trial.  Defendant indicated

a motion to sever would be filed.  The court set the case for jury trial on June 3, 2013.  The other

defendants requested as follows: change of plea (Vorrath), status hearing (Aldape-Hernandez),

change of plea (Kapraun), and status (Quinones).  The court then made an ends of justice

finding.  Pursuant to the request of the government, and without objection from any of the

defendants, as part of the ends of justice finding the court found that this was a "complex case"

and that one of the reasons the case was complex was "the number of defendants and the

voluminous nature of the discovery[.]" The court excluded the time from April 5 to June 17,

2013.

Defendant filed a Motion to Sever (#92) on April 10, 2013.  In the motion Defendant

argued that his case should be severed because the strategy of the other defendants would be to

inculpate Defendant and that the evidence in the case was so "massive and complex" that it

would be almost impossible for the jury to separate the evidence as it relates to each Defendant.

The government filed its Response (#94) on May 2, 2013, arguing that Defendant did not

establish or even allege that there was a serious risk a joint trial would compromise a specific

trial right or prevent the jury from making a reliable judgment about his guilt or innocence.  The

government further argued that any risk of prejudice arising from a joint trial was far outweighed

by the economies of a single trial.

The court denied Defendant's motion to sever at a hearing on May 3, 2013.  The court

began by noting that Federal Rule of Criminal Procedure 13 allows the court to try separate cases

together as though brought in a single indictment if all offenses and all defendants could have

been joined in a single indictment or information.  The court cited judicial economy as the basis

of Rule 13.  The court then discussed Federal Rule of Criminal Procedure 14(a), relief from

5

prejudicial joinder, that allows the court to sever a defendant from a joint trial if such joinder appears to prejudice the defendant.  The court took notice that, of all the joint defendants, only Defendant claimed to be prejudiced and wanted a speedy trial.  The court then cited to the United States Supreme Court case *Zafiro v. United States*, 506 U.S. 534 (1993), to note that, based on judicial economy, there is a preference in the federal system for joint trials of defendants who were indicted together, citing limited judges and limited resources.  To be severed, a defendant must show prejudice.  The court then stated:

> "However, when defendants properly have been joined under [Federal Rule of Criminal Procedure] Rule 8(b), and there is no objection here, the district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants [] to prevent the jury of making a reliable judgment about guilt or innocence.  Again, the Supreme Court in *Zafiro*."  (Citing *Zafiro*, 506 U.S. at 539.).

The court noted that Defendant had the burden to identify the prejudice and establish the risk, and Defendant had not done so here.  Defendant had not "articulat[ed] the prejudice of antagonistic defenses."  While Defendant may be inconvenienced or have even desired a separate trial, the court found he would not be prejudiced.  The court did not see any disparity of evidence relating to Defendant, nor did the government intend to introduce a co-defendant statement implicating Defendant that rose to the level of prejudice.  The court denied the motion, set the case for a status with all defendants on June 17, 2013, and made an ends of justice finding.

The court held a status hearing on June 17, 2013.  Vorrath was scheduled for a plea in front of Magistrate Judge Bernthal, and thus was not present.  Aldape-Hernandez, Quinones,

Lopez-Saucedo, and Hullinger were present with counsel.   Both Kulak and Kapraun had entered guilty pleas before this hearing.  Hullinger was not present because she was on bail, but was represented by her attorney Michael McClellan.  Hullinger was scheduled to appear to enter a guilty plea before Judge Bernthal on June 27, 2013, but whether Hullinger would in fact plead was uncertain.  Lopez-Saucedo and Adalpe-Hernandez were also looking at possible pleas. Quinones was also entertaining the possibility of a plea, but it was not certain.  Defendant stated that he still desired a trial.  The court indicated another motion to sever would need to be filed because the other eight defendants still had not had their cases fully resolved.  The court set a hearing date for Defendant for August 9, 2013, and made the ends of justice finding.

On June 18, 2013, Defendant filed his Second Motion to Sever (#102), arguing that all the other defendants intend to plead guilty and, if he is not severed from them, his trial could be delayed until after their sentencings.  Defendant further argued that if he is not severed from the fugitive defendants, his trial could be delayed indefinitely.  On August 6, 2013, the government filed its Response (#125).  The government had no objection to severance of Defendant from the fugitive defendants.  The government did argue that severance should be denied as to defendants Quinones and Hullinger, because Defendant had still not shown or even alleged a serious risk that a joint trial would compromise a specific trial right or prevent the jury from making a reliable judgment about his guilt or innocence.  The government further argued that any risk of prejudice from a single trial was greatly outweighed by the economies of a single trial.

The court held a hearing on the motion at the August 9, 2013 status conference.  The court granted the motion to sever with regard to the fugitives.  Quinones' attorney indicated that he would likely be pleading guilty.  Hullinger had entered plea negotiations as well, but that was on hold as she had been arrested on a state charge.  Her attorney had also filed a motion for

psychiatric evaluation.  The court noted that, at most, two defendants would go to trial, and the trial could be completed in two weeks, so it denied the Second Motion to Sever (#102).  The government stated it would take two weeks to complete the trial due to the amount of evidence and witnesses involved in the case.  Discussion was had as to setting a trial date.  Defendant's counsel indicated she preferred October to February.  However, due to the court's crowded docket, October was not a possibility.  Attorney Lenik then asked for a time in February.  The court set the final trial date for February 3, 2014, as to apply to all remaining defendants, including Defendant.  The court made an ends of justice finding excluding the time from August 9, 2013 through February 3, 2014.

On October 18, 2013, a status conference was held in court for defendant Hullinger, who was present with her counsel attorney McClellan.  By October 18, 2013, the only two unresolved cases were Defendant and Hullinger.  The court informed Hullinger that it had set her case for a jury trial on February 3, 2014 and informed her that the time from August 9, 2013 to the trial date had been excluded from the time limits for commencing trial due to the court's ends of justice finding.  The court re-emphasized that Hullinger was with Defendant in this case on the jury calendar. The following exchange then occurred:

"THE COURT: Mr. McClellan, do you wish to have a jury trial in this case sooner than February 3, 2014?

MR. McCLELLAN: No, Your Honor.

THE COURT: Okay.  Ms. Hullinger, do you wish to have me set a speedy trial sooner than February 3, 2014?

DEFENDANT HULLINGER: No, Your Honor.

THE COURT: Anybody force you to say that?

8

DEFENDANT HULLINGER: No.

THE COURT: Anybody threaten you to get you to say that?

DEFENDANT HULLINGER: No, sir.

THE COURT: Anybody promise you anything to get you to say that?

DEFENDANT HULLINGER: No, sir.

THE COURT: Okay.  I see no other reason then in this case for any further setting before the Court now that we have the final pretrial conference date reconfirmed, the jury trial date reconfirmed, no demand for a speedy trial sooner than that date, and acceptance of responsibility date set of December 6. Any further proceedings in this case would be before Magistrate Judge Bernthal for a change of plea.  Otherwise, I'll see the parties before me at 11:00 on January 3, 2014, for a final pretrial."

The court concluded the hearing stating:

"Ms. Hullinger and Mr. McClellan have not demanded a speedy trial or any trial date in advance of February 3.  They've made that clear on the record.

Ms. Lenik has never asked for a date other than February 3.  She could come in if she wanted and file a petition for an earlier trial date; she hasn't. There's been no demand for a speedy trial other than February 3, so I do not intend to do anything with Eddi Ramirez.  She's made it clear to me on the record: Eddi Ramirez will not plead.  Eddi Ramirez will go to jury trial, and Eddie Ramirez has February 3.

So as to Ms. Hullinger, no demand for any date other than February 3, no demand for a speedy trial.  That's one of the codefendants.

9

So I'll let him and Ms. Lenik talk further about Eddi Ramirez; but as far as the Court's concerned, there's no need for further settings in Eddi Ramirez unless Ms. Lenik or Mr. Bass ask for it."

A status conference was held November 19, 2013, Defendant was present with attorney Lenik. The court informed Defendant that defendant Hullinger and her counsel were not demanding a speedy trial sooner than February 3. The court noted an ends of justice finding had been made from August 9, 2013, to February 3, 2014 pursuant to 18 U.S.C. § 3161(h)(7)(A). Hullinger had not pled at this point, and there was no date scheduled for a change of plea hearing. The court stated that Hullinger was still scheduled for trial on February 3, 2014. The court inquired of Defendant whether there was a demand for trial before February 3. The following colloquy occurred:

"MS. LENIK: Your Honor, may I have a question answered first?

THE COURT: Yes.

MS. LENIK: I am a little bit confused as to what days the Court is saying it did – it made the ends of justice finding.

THE COURT: The ends – the docket entry shows it was done on August 9, and it was done in a docket entry then; and I'm sure that I probably did it orally on the record also.

MS. LENIK: And so the Court is of the opinion that the ends of justice finding encompasses all of the days from the 9th of August until today?

THE COURT: Absolutely.

MS. LENIK: Okay. I need a moment to talk to my client."

Defendant wished to have an earlier trial setting than February 3, 2014, if the court would

10

provide such an earlier setting.  The court noted the crowded trial and holiday calendar of the

next months, and inquired of Defendant if he was again requesting a severance from Hullinger.

The court reminded Defendant and counsel that Hullinger was not demanding a speedy trial and

specifically agreed to a trial date of February 3, 2014.  The court informed Defendant that he

would have to file another motion to sever, unless the government agreed.  The government did

not so agree.  The court stated that Defendant would have to wait and see what actions were

taken by Hullinger, and decide if he wanted to file another motion to sever.

Defendant filed the instant Motion to Dismiss Due to Violation of the Speedy Trial Act

(#142) on December 11, 2013.  Defendant argued that, at the August 9, 2013 status conference,

"the court discussed setting the trial date in February because the court had a crowded docket,

and the length of this trial meant it couldn't be tried earlier.  The court made no 'ends of justice'

finding in court, but he did make it on the docket.  However, the time is not excludable simply

because of the general congestion of the court's calendar[.] [citation omitted].  Since August 9,

defendant has demanded a speedy trial.  That period of time is in excess of the 70 days provided

for in the statute."  The government filed its Response (#152) on January 2, 2014.  The

government argued that the ends of justice finding made at the August 9, 2013 hearing was not

solely due to the court's crowded docket, but also due to Defendant being joined to defendant

Hullinger and Quinones, from whom a severance had not been granted.

## ANALYSIS

The Speedy Trial Act states:

"In any case involving a defendant charged with an offense, the

appropriate judicial officer, at the earliest practicable time, shall, after

consultation with the counsel for the defendant and the attorney for the

11

Government, set the case for trial on a day certain, or list it for trial on a weekly

or other short-term trial calendar at a place within the judicial district, so as to

assure a speedy trial."  18 U.S.C. §3161(a).

The Act requires a defendant to be brought to trial within seventy days of the filing of the

indictment:

> "In any case in which a plea of not guilty is entered, the trial of a
> defendant charged in an information or indictment with the commission of an
> offense shall commence within seventy days from the filing date (and making
> public) of the information or indictment, or from the date the defendant has
> appeared before a judicial officer of the court in which such charge is pending,
> whichever date last occurs."  18 U.S.C. § 3161(c)(1).

However, the Act also contains provisions allowing for the exclusion of time calculated

towards a speedy trial.  One manner in which the court may exclude time is where there is "[a]

reasonable period of delay when the defendant is joined for trial with a codefendant as to whom

the time for trial has not run and no motion for severance has been granted."  18 U.S.C. §

3161(h)(6); *Zedner v. United States*, 547 U.S. 489, 497 (2006).

Another way in which the court may exclude time is if the court makes an "ends of

justice" finding:

> "Any period of delay resulting from a continuance granted by any judge
> on his own motion or at the request of the defendant or his counsel or at the
> request of the attorney for the Government, if the judge granted such continuance
> on the basis of his findings that the ends of justice served by taking such action
> outweigh the best interest of the public and the defendant in a speedy trial.  No

12

such period of delay resulting from a continuance granted by the court in

accordance with this paragraph shall be excludable under this subsection unless

the court sets forth, in the record of the case, either orally or in writing, its reasons

for finding that the ends of justice served by the granting of such continuance

outweigh the best interests of the public and the defendant in a speedy trial." 18

U.S.C. § 3161(h)(7)(A).

"Section 3161(h)(7)(B) also sets forth nonexhaustive factors which the court 'shall

consider' in determining whether to grant an ends-of-justice continuance." *United States v.*

*Wasson*, 679 F.3d 938, 944 (7th Cir. 2012). Among these factors is whether the case is so

complex or unusual, based on the number of defendants or nature of the prosecution, that it

would be unreasonable to expect adequate preparation for trial within the time limits established

by the Act. 18 U.S.C. § 3161(h)(7)(B)(ii); *Wasson*, 679 F.3d at 944.

*Joined Parties*

In the instant case, Defendant's proper joinder with co-defendants who did not want or

demand a speedy trial, and the court's denial of Defendant's motion to sever, provides a basis for

denying his speedy trial motion under § 3161(h)(6). Under this provision, "[a]n excludable

delay of one defendant may be excludable as to all co-defendants, absent severance." *United*

*States v. Rollins*, 544 F.3d 820, 829 (7th Cir. 2008). The period of delay caused by the co-

defendant should be reasonable, however. *United States v. Darby*, 744 F.2d 1508, 1517 (11th

Cir. 1984).

Defendant was joined with ten other co-defendants in the Indictment (#47) alleging his

participation in a drug conspiracy. Of those defendants, Defendant was the only one who

demanded a speedy trial. Despite having had the opportunity to do so, no other co-defendant

13

demanded a speedy trial.  As of the August 9, 2013, status conference, where the court made the ends of justice finding excluding the time from August 9, 2013 to February 3, 2014, defendants Quinones and Hullinger remained in the case with Defendant.  Neither of those defendants had demanded a speedy trial.  In fact, at an October 18, 2013, status conference, the court made specific, detailed and exhaustive inquiry of defendant Hullinger as to whether she was demanding a speedy trial.  Hullinger and her attorney both clearly stated on the record that they were not exercising Hullinger's speedy trial rights.  They did not want a trial sooner than February 3, 2013.

Defendant has not been severed from his co-defendants.  The court on two occasions denied Defendant's motion to sever, finding that Defendant did not meet his burden of establishing prejudice and identifying a serious risk to his specific trial rights.  Defendant was properly joined to co-defendants who did not wish to exercise their speedy trial rights. Defendant, through exercising his right, cannot force his joined co-defendants into a speedy trial date for which they may not yet be adequately prepared.  Defendant's motions to sever were denied, and thus the excludable delay of defendant Hullinger, who did not demand a speedy trial, is also excludable as to Defendant.  See *Rollins*, 544 F.3d at 829.  Further, the delay is reasonable.  Defendant has not argued in his motion, nor has there been any indication, that the delay caused by Hullinger's refusal to seek a speedy trial has impaired Defendant's defense at trial or prejudiced Defendant in any way.  See *Darby*, 744 F.2d at 1519 (delay reasonable and no prejudice present where the defendant cannot show that the 42-day delay occasioned by co-defendant's pretrial motions impaired the defendant's defense at trial).

*The Ends of Justice*

In the instant case, Defendant argues that the time from August 9, 2013, until February 3, 2014, should not be excluded from the seventy day speedy trial calculation because the court did not make a proper ends of justice finding under § 3161(h)(7)(A) during the August 9, 2013 status conference.  There are two statutory prerequisites for excluding a continuance from the Act's seventy-day time limit: (1) the court must find that the ends of justice served by granting the continuance "outweigh the best interest of the public and the defendant in a speedy trial" and (2) the time shall not be excludable unless the court "sets forth, in the record... its reasons for finding that the ends of justice" outweigh the interest of the public and the defendant in a speedy trial. *Wasson*, 679 F.3d at 945, quoting 18 U.S.C. § 3161(h)(7)(A).  However, a court's ends of justice finding need not be articulated contemporaneously on the record, but rather the court's reasons must be articulated by the time it rules on a defendant's motion to dismiss and those reasons must satisfy § 3161(h)(7).  *Wasson*, 679 F.3d at 946.  In the *Napadow* case, despite "clearly unsatisfactory" minute entries describing the ends of justice finding, the Seventh Circuit nevertheless upheld the exclusion of time where the "sequence of events" leading up to the continuance, followed by the court's "later explanation" sufficed to support an ends of justice continuance.  *United States v. Napadow*, 596 F.3d 398, 405-06 (7th Cir. 2010).

Here, Defendant concedes that the court had made prior findings that the complexity of the case supported an ends of justice finding.  Further, the number of defendants in the case changed from hearing to hearing, but at the time of the August 9 hearing there were two other defendants joined to Defendant.  The government stated, during the August 9 hearing, that the trial would last up to two weeks due to the volume of evidence involved.  Defendant is correct that the court discussed at length, on the record, the court's crowded criminal trial docket.

15

However, the basis for the ends of justice finding was not just the crowded docket, but also the previously well-established complexity of the case and the fact that Defendant was joined with co-defendants who had not demanded a speedy trial.  Based on Seventh Circuit case law, the court finds that the sequence of events leading up to the ends of justice finding, combined with the reasons stated for the finding in this order, suffice to support an ends of justice finding.  See *Wasson*, 679 F.3d at 946-47; *Napadow*, 596 F.3d at 405-06.

*Conclusion*

Defendant was joined with co-defendants who did not wish exercise their right to a speedy trial.  This court twice denied Defendant's motion to sever.  Thus, under § 3161(h)(6) the time excluded toward a speedy trial for those defendants was also properly excludable as to Defendant.  Further, the court concludes that the time from August 9, 2013, to February 3, 2014 was properly excluded under the ends of justice finding made by the court pursuant to § 3161(h)(7)(A).  Thus, for the foregoing reasons, Defendant's Motion to Dismiss Due to Violation of the Speedy Trial Act (#142) is DENIED.

IT IS THEREFORE ORDERED:

(1) Defendant's Motion to Dismiss Due to Violation of the Speedy Trial Act (#142) is DENIED.

(2) This case remains set for jury trial on February 3, 2014.

ENTERED this 21st  day of January, 2014.

s/ MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE

16